IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, </br></br> Plaintiff, </br></br> v. </br></br> GREENVILLE READY MIXED CONCRETE, INC. </br> Defendant. | CIVIL ACTION NO. </br> 4:16-cv-00094 </br></br> **COMPLAINT** </br></br> JURY TRIAL DEMAND |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of religion and to provide appropriate relief to Michael Cole, who was affected by such practices. As alleged with greater particularity below, the Equal Employment Opportunity Commission ("EEOC" or "Commission") alleges that Greenville Ready Mixed Concrete, Inc. ("Defendant"), failed to accommodate Cole's religious beliefs, and terminated Cole because of his religion, Seventh-day Adventist, in violation of Title VII.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of North Carolina, Eastern Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant, a North Carolina corporation, has continuously been doing business in the state of North Carolina and the city of Winterville, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

6. More than thirty days prior to the institution of this lawsuit, Cole filed a charge with the Commission alleging violations of Title VII by Defendant.

7. On February 1, 2016, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8. On April 11, 2016, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

9. All conditions precedent to the institution of this lawsuit have been fulfilled.

STATEMENT OF CLAIMS

10. As more fully described below, since at least February 2014, Defendant has engaged in unlawful employment practices at its facility in Winterville, North Carolina, in violation of Section 703 of Title VII, 42 U.S.C. 2000(e)-2 by refusing to accommodate the sincerely held religious beliefs of Cole and discharging him because of his religion, Seventh-day Adventist.

11. Cole was hired by Defendant on or about August 6, 2007, and worked as a truck driver at Defendant's facility in Winterville, North Carolina.

12. On or about Saturday, February 22, 2014, Cole was baptized as a Seventh-day Adventist. As a Seventh-day Adventist, Cole holds the sincere religious belief that he must not work for hire during the biblical Sabbath. According to Cole's faith, the Sabbath begins at sunset on Friday and ends at sunset on Saturday.

13. On or about February 24, 2014, Cole informed his supervisor, the Winterville Plant Manager ("Plant Manager"), that he had been baptized and that because Saturday is the biblical Sabbath, Cole would no longer be available to work on Saturdays.

14. Defendant's facilities were usually closed on Saturdays. Defendant only required its employees to work Saturdays on limited occasions.

15. In the approximately three year period from January 2011 until February 2014 prior to becoming Seventh-day Adventist, Cole was required to work only two Saturdays.

16. On or about March 20, 2014, Defendant asked Cole, to work on Saturday, March 22, 2014. That day, Cole told the Chief Operations Officer (COO) that Cole could not work on Saturdays due to his religious beliefs.

17. The COO discussed Cole's request that Cole not work on Saturdays with Cole.

18. The COO denied Cole's request to be exempt from Saturday work and fired Cole because Cole could not work on Saturdays.

19. Defendant failed to accommodate Cole's religious beliefs and discharged him because of his religion, Seventh-day Adventist, in violation of Title VII.

20. The effect of the practices complained of above has been to deprive Cole of equal employment opportunities and otherwise adversely affect his status as an employee, because of his religion.

21. The unlawful employment practices complained of above were intentional.

22. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Cole.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining, Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating against current or future employees based on their religious beliefs and their need for a reasonable accommodation for those beliefs.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for all employees, including an effective policy

prohibiting religious discrimination and providing for religious accommodations, all of and which eradicate the effects of its past and present unlawful employment practices.

C.   Order Defendant to make Cole whole, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or front pay.

D.   Order Defendant to make Cole whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including, in amounts to be determined at trial.

E.   Order Defendant to make Cole whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including emotional suffering, inconvenience, humiliation, loss of enjoyment of life, loss of civil rights, and other non-pecuniary losses pain, in amounts to be determined at trial.

F.   Order Defendant to pay Cole punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

G.   Grant such further relief as the Court deems necessary and proper in the public interest.

H.   Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted this the 7th day of June, 2016.

EQUAL EMPLOYMENT OPPORTUNITY<br>COMMISSION

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
Equal Employment Opportunity Commission
131 M Street, NE
Washington, D.C. 20507

**/s/ Lynette Barnes**
LYNETTE A. BARNES (N.C. Bar No. 19732)
Regional Attorney

YLDA KOPKA
Supervisory Trial Attorney
(Illinois Bar No. 6286627)

**/s/ Yolanda W. Brock**
YOLANDA W. BROCK (N.C. Bar No. 36651)
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Charlotte District Office
129 W. Trade St., Suite 400
Charlotte, NC 28202
Tel: (704) 954-6463
Fax: (704) 954-6412

**ATTORNEYS FOR PLAINTIFF**